1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE FRANKLIN LOPEZ,                     No.  2:21-cv-1716 KJN P

12              Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   UNKNOWN,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se.  On September 21, 2021, plaintiff filed a

18   civil rights complaint under 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302

20   pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.[1]

23        Plaintiff names no defendant.  Plaintiff claims his EPRD release date has passed, and

24   seeks release from state prison under Proposition 57.  (ECF No. 1 at 3-4.)

25        As discussed below, plaintiff's complaint should be dismissed without prejudice to filing

26   a petition for writ of habeas corpus under 28 U.S.C. § 2254.

27   _____

28   [1]  Because plaintiff is not seeking relief under 42 U.S.C. § 1983, the court declines to impose the
     filing fee for bringing a civil rights action.

1  Discussion

2      "Challenges to the validity of any confinement or to particulars affecting its duration are

3  the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal

4  quotation marks and citation omitted). "An inmate's challenge to the circumstances of his

5  confinement, however, may be brought under § 1983." Id. On the other hand, a writ of habeas

6  corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or

7  duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

8  to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475,

9  500 (1973); Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

10      Here, plaintiff seeks release from state custody, and therefore such claim must be brought

11  in habeas. Further, although a district court may construe a habeas petition by a prisoner

12  attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see

13  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true. A civil rights

14  complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition

15  for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)

16  ("When the intent to bring a habeas petition is not clear, . . . the district court should not convert a

17  defective section 1983 claim into a habeas petition."). Plaintiff's civil rights complaint does not

18  express an intent to bring a habeas claim.

19      Moreover, plaintiff is required to exhaust state court remedies prior to filing a habeas

20  petition in federal court. The exhaustion of state court remedies is a prerequisite to the granting

21  of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the

22  exhaustion requirement by providing the highest state court with a full and fair opportunity to

23  consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270,

24  276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021

25  (1986). In his complaint, plaintiff claims he exhausted his administrative remedies by filing a

26  grievance, but does not indicate that he exhausted his state court remedies by raising habeas

27  claims in the California Supreme Court.

28  ////

Therefore, this action should be dismissed without prejudice to plaintiff filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice to plaintiff filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 4, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lope1716.56

---

[2]  Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  28 U.S.C. § 2244(d).